The opinion of the Court was delivered by
Johnstone, J.
From the discussion of this appeal before us, it is unnecessary to decide upon any other point except the receipt for three hundred and twenty-four dollars and fifty cents, given by Clark to the defendants, the 15th of February, 1855.
It was attacked, on the trial, by the survivor of the firm, on the ground that it was obtained by the defendants by discounting against, the amount due by them to the firm, demands which they held against Clark, and exchanging *689 receipts. These facts are affirmed by the jury in their verdict.
Assuming the facts stated, it cannot well be' doubted that the defendants were aware of, and connived at, — indeed, assisted in, — a misapplication by Clark of the assets of the firm to his own purposes ; and a diversion of them from the purposes of the partnership.
“In such cases,” says Professor Story, (b) “the creditor, dealing with the partner, and knowing the circumstances, will be deemed to act mala fide, and in fraud of the partnership ; and the transaction by which the funds, securities, and other effects of the partnership have been obtained, will be treated as a nullity.” * * “So a release of a partnership debt by one partner (which, ordinarily, will extinguish the partnership), will be held inoperative and void, as to the firm, if it was taken in discharge of the separate debt of the partner releasing it, by the creditor knowing all the circumstances.”
This being a doctrine applicable to partnerships as well in relation to the acts of their members, while the firms are in operation, as after their termination, it is immaterial whether this particular firm expired in 1854, when the building was received, or necessarily continued until the rubbish should be removed. • An individual partner has no greater right to defraud his firm in the one case than in the other; and a third party knowingly conniving at the wrong, is not entitled to take any benefit from the wrongful act.
• Mr. Story, however,(c) as is quite usual with him, qualifies the general doctrine as he had laid it down, and remarks that “the application by a' single partner of a joint security in discharge of his individual debt, by no means necessarily establishes that it is a fraud upon the firm.” * * “ The *690 mere fact that a note, or security, or fund of the firm has been taken in discharge or payment of the separate debt of one partner, is not, alone, decisive of collusion, or fraud, or misapplication; neither is the fact that the amount thereof has been passed to the separate private credit on account of one partner; n*or that a note or security of the firm has been in part discounted, or applied to pay a separate debt of one partner; for all these circumstances may be consistent with entire good faith, and without gross negligence on the part of the creditor.” The act “may not only be expressly authorized by the firm; but it may frequently result from prudential considerations and arrangements referable to their own business and interests.”
“ There must, therefore, be some other ingredients in the case, importing some knowledge, or suspicion, mala fides.’ Why? Because “the act may have been expressly authorized by the firm,” or adopted “ from prudential considerations and arrangements referable to their own business and interests.”
But such transactions are, at least, so far questionable or suspicious, that “it may be taken as the general rule” that “ the burden of proof is on the holder, or creditor, to show circumstances sufficient to repel every presumption of fraud, collusion, or misconduct, or negligence on his own part; unless, indeed, the circumstances already in proof, on the other side, repel such presumption. And if the securities or funds of the partnership are received in payment of the separate debt of one partner, by his creditor, it will not be necessary for the partners to establish the fact that the creditor 7mew, at t7ie time, it was a misapplication of the securities, or funds; for the very nature of such.a transaction ought to put him upon further inquiry; and however Iona fide his conduct maybe, it is a case of negligence on his part, which will not entitle him to recover against the partnership,”(d)
*691 So far were the defendants from being authorized to suppose that Clark, in discounting the partnership debt against his own, was authorized so to do, that they had explicit notice that his copartner objected to his receiving what was due the firm, in any form; and I think the jury were justified in their verdict.
It is ordered that the motion be refused.
O’Neall, C. J., concurred.
Motion dismissed.

 Story on Part., \ 132.

 Story, Part., $ 133.

 Story, on Part., g 133.